**ALEXANDER THOMPSON v. STATE OF FLORIDA**

34 So. (2nd) 36
February 13, 1948
Rehearing denied March 6, 1948

January Term, 1948
Division A

*Roach & Hoyl,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, and *Rebecca Bowles Marks,* Special Assistant Attorney General, for appellee.

TERRELL, J.:

Appellant was tried on an indictment charging murder in the first degree and was convicted of manslaughter. On appeal he contends that the judgment imposed on him should be reversed because the jury box was fouled, that error was committed by the trial court in refusing the introduction of evidence as to threats by deceased against the life of appellant, and that the evidence made such a strong showing of self defense that it precluded a verdict of manslaughter.

The question as to the validity of the jury box we consider without merit.

The evidence as to threats against the life of appellant and as to self-defense, was a matter for the jury to resolve. Taken as a whole, a perfectly reasonable deduction from it is, that appellant was smarting inside because of an altercation he had with the deceased the night before the homicide, and went to his place of business voluntarily and renewed the row which resulted in the homicide. He certainly did nothing to evade it. The evidence of self-defense is far from conclusive and the fact that appellant voluntarily went to the place of business of deceased and killed him, weakens his contention as to threats against his life by the deceased. At any rate, the jury considered all these conflicts and its verdict of manslaughter gave appellant the "breaks." The evidence would have supported a higher degree of homicide, so he is not in position to complain.

Affirmed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.